IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

| | |
|---|---|
| VICTORIANO ANGELES-GOMEZ, on behalf of Himself and all other similarly situated persons,<br><br>          Plaintiffs,<br><br>v.<br><br>RICK WOLF LANDSCAPE, LLC, FREDERIC LOUIS WOLF, and VIRGINIA S. WOLF,<br><br>          Defendants. | COMPLAINT<br><br>COLLECTIVE ACTION § 216(b)<br><br>Civil Action No.: |

I.    PRELIMINARY STATEMENT

    1.    This is a collective pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), and the NC Wage and Hour Act ("NCWHA"), N.C.Gen.Stat. §§95-25.1 et seq. by one former employee against a closely held enterprise and limited liability company performing related activities in the landscaping and lawn management business in and around Holly Springs, Wake County, North Carolina.

    2.    The closely held enterprise and limited liability company were and are part of a single business enterprise operated by its President and Managing Member defendant Frederic Louis Wolf and his spouse, and its secretary-treasurer defendant Virginia S. Wolf since at least 2011 in one or more counties listed in 28 U.S.C. § 113(a). This action is brought under the FLSA for unpaid overtime wages based upon the defendants' failure to pay the named plaintiff and the group of workers he seeks to represent in a collective action pursuant to 29 U.S.C. § 216(b) the wages they were due at the overtime rate required by 29 U.S.C. §207 when the plaintiff and those group of workers worked in excess of forty hours in the same workweek.

3. In the alternative, in the event that the plaintiff's employment by the defendants is not covered by the FLSA, this action is brought under the NCWHA based upon the defendants' failure to pay the named plaintiff all promised wages that were disclosed to him pursuant to N.C.Gen.Stat. §§ 95-25.13(1)-(2) and at the rate required by N.C.Gen.Stat. § 95-25.4 when those wages were due pursuant to N.C.Gen.Stat. § 95-25.6 of the NCWHA for those workweeks in which the plaintiff worked in excess of forty hours in the same workweek.

4. Based upon their claims under 29 U.S.C. § 207 of the Fair Labor Standards Act and the plaintiff's alternative claims under N.C.Gen.Stat. §§ 95-25.4, 95-25.6, and 95-25.13(1)-(2) of the NCWHA, the plaintiff, and the and the collective group of workers he seeks to represent under the FLSA seek payment of back wages and an equal amount of liquidated damages, attorney fees, interest, and costs under 29 U.S.C. §216(b) and N.C.Gen.Stat. §§95-25.22(a), (a1), and (d).

## II. JURISDICTION

5. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§1331 and 1337, 29 U.S.C. § 216(b), and 28 U.S.C. §1367(a).

6. This Court has the power to grant declaratory relief pursuant to 28 U.S.C. Sections 2201 and 2202.

## III. VENUE

7. Venue over this action lies in this Court pursuant to 28 U.S.C. §§1391(b) and 1391(c), and 29 U.S.C. §216(b). At all times relevant to this action continuing through the present date, the principal place of the corporate defendant is and has been located in Wake County, North Carolina and a substantial part of the events or omissions giving rise to this action by the plaintiff occurred in one or more of the counties listed in 28 U.S.C. § 113(a).

IV. <u>NAMED PLAINTIFF</u>

8.  Plaintiff Victoriano Angeles-Gomez was jointly and severally employed by the enterprise Rick Wolf Landscape, LLC, Frederic Louis Wolf, and Virginia S. Wolf beginning by at least March 1, 2015 and continuing through on or about September 15, 2016 within the meaning of 29 U.S.C. §§203(d) and 203(m) and G.S. §95-25.2(3) in the landscaping and lawn care enterprise and business operated by the defendants in and around Holly Springs, Wake County, North Carolina.

V. <u>DEFENDANTS</u>

9.  Upon information and belief, at all times relevant to this action, defendant Rick Wolf Landscape, LLC (hereinafter referred to as "Landscape") was and is an enterprise that was and is engaged in interstate commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

10. Upon information and belief, during each calendar year falling in the four year time period immediately preceding the date on which this action was filed, defendant Landscape had an annual gross volume of sales made or business done of not less than $500,000 exclusive of excise taxes at the retail level that were separately stated.

11. During each calendar year falling in the four year time period immediately preceding the date on this action was filed, one or more employees of defendant Landscape and the named plaintiff handled goods or equipment that had moved in interstate commerce within the meaning of 29 U.S.C. § 203(s)(1)(A). Those goods or equipment included, but are not limited to:

(a) the lawn mowing equipment and hand tools that Landscape supplied to the named plaintiff and his fellow employees to perform their daily work duties for Landscape,

(b) the vehicle(s) that Landscape supplied to the named plaintiff and/or one or more of his fellow employees to transport those workers to/from the worksites at which they performed their work for Landscape throughout that same four year time period.

12. At all times relevant to this complaint, defendant Frederic Louis Wolf has been and continues to be the President, Managing Member, part-owner, and co-operator of Landscape.

13. At all times relevant to this complaint, defendant Virginia S. Wolf has been and continues to be the Secretary and/or Treasurer of Wolf, part-owner, and co-operator of Wolf.

14. At all times relevant to this complaint, defendant Frederic Louis Wolf's wife, Virginia S. Wolf, was also a co-owner and co-operator of Landscape, prepared and maintained the payroll records for those persons who were jointly or severally employed (as the term "employ" is defined by N.C. Gen. Stat. § 95-25.2(3) and 29 U.S.C. § 203(g)) by Landscape, and prepared the cash payments to the plaintiff for all hours worked in excess of 40 hours in the same workweek during the time that the plaintiff was jointly or severally employed by Landscape and the individual defendants.

15. At all times relevant to this action, defendants Frederic Louis Wolf and his spouse, Virginia S. Wolf both participated in the day-to-day landscaping and lawn maintenance

operations of Landscape.

16. At all times relevant to this action, either personally and/or through their personal agents and employees (including but not limited to Ramon a/k/a Raymond Chavez), defendants Frederic Louis Wolf and Virginia S. Wolf (hereinafter referred to as the "individual defendants") all directed, controlled, and supervised the work of the plaintiffs and all of the employees that the named plaintiff seeks to represent in a collective action pursuant to 29 U.S.C. § 216(b) as part of their regular involvement in the day-to-day landscaping and lawn maintenance operations of Landscape and the enterprise operated by Landscape.

17. The direction, control, and supervision that is described in ¶16 above of this Complaint occurred in the form of the actual and regular physical presence of, verbal and non-verbal direction by, and verbal and non-verbal supervision by these same defendants and/or their personal agents and employees (including but not limited to Ramon a/k/a Raymond Chavez) of the plaintiffs and all of the workers that the named plaintiffs seek to represent in a collective action pursuant to 29 U.S.C. § 216(b) as part of their regular involvement in the day-to-day landscaping and lawn maintenance operations of Landscape and the enterprise operated by Landscape.

18. At all times relevant to this action, defendant Rick Wolf Landscape, LLC is and has been incorporated in the state of North Carolina as a limited liability company, and its registered agent for service of process has been and is Frederic Louis Wolf, 5409 Lake Edge

5

Drive, Holly Springs, North Carolina 27540.

## VI. FLSA STATUTORY CLASS ACTION ALLEGATIONS

19. The named plaintiff maintains this action against the defendants for and in behalf of himself and all other similarly situated current and/or former employees of one or more of the defendants who were and/or are employed by one or more of the defendants in the landscaping and lawn maintenance enterprise of the defendants in or around Wake County, North Carolina for any pay period ending at any time in 2014, in 2015, 2016, and/or 2017 beginning with the date which falls within the three chronological years immediately preceding the date on which this action was filed to the date final judgment in this action is entered by the U.S. District Court pursuant to the statutory class action procedure specified at 29 U.S.C. §216(b) for each such similarly situated current and/or former employee of two or more of the defendants in that same time period who files, will file, or who has filed a written consent to be a party to this action that is required by 29 U.S.C. §216(b) within the applicable statute of limitation(s) for any such pay period.

20. The statutory class of similarly situated persons under 29 U.S.C. §216(b) described in ¶19 above is based upon the failure of the defendants to pay an overtime premium required by 29 U.S.C. § 207(a)(1) for all hours worked over 40 in the same workweek to the named plaintiff and each member of that statutory class that he seeks to represent for each hour or part of an hour of actual work that each such similarly situated person was engaged to work in the defendants' landscaping and lawn maintenance enterprise in the time period described in ¶19 above.

## VII. FACTUAL ALLEGATIONS

21. The named plaintiff and/or the similarly situated employees

of the defendants that are described in ¶¶8 and 19-20 above of this complaint were and/or jointly and severally employed by Landscape and one or more of the two individual defendants in the landscaping and lawn care enterprise of the defendants in and around Wake County, North Carolina for the varying periods of time described in ¶¶8 through 20 above of this complaint in that same enterprise.

22. As part of the employment described in ¶21 above for the defendants during at least 20 workweeks after March 1, 2015 in calendar year 2015 and at least 20 workweeks in calendar year 2016, the named plaintiffs and at least four (4) other similarly situated employees of one or more of the defendants performed work in the defendants' landscaping and lawn maintenance enterprise in each of those same two calendar years for in excess of forty (40) hours in the same workweek.

23. Acting pursuant to N.C.Gen.Stat. §§ 95-25.13(1)-(2), for the year in which the plaintiff first began his employment with Landscape and each year thereafter through the present date, all defendants disclosed to the named plaintiff and those persons they employed in the landscaping and lawn maintenance enterprise they operated promised wages and any policy or practice that may affect the rate, amount, or payment of wages to those same employees.

24. Among the disclosures that the defendants made to the named plaintiff and those employees described in ¶¶21-22 above was that defendants paid wages for all hours at the rate required by 29 U.S.C. § 207(a)(1) or by N.C.Gen.Stat. § 95-25.4 for all hours worked in excess of 40 hours in the same workweek.

25. During all of calendar years 2014, 2015, and 2016, the defendants failed to pay an overtime premium of 1½ times the regular rate of hourly pay for all hours worked over 40 in the same workweek

7

that the defendants paid as regular pay to the named plaintiff and each member of the collective action described in ¶¶19-20 above of this Complaint.

26. During all of calendar years 2014, 2015, and 2016, the defendants failed to pay the promised wages when due that they had disclosed to the plaintiff and the members of the collective action defined in ¶¶19-20 above of this Complaint of a wage premium of one and one-half times the regular hourly rate of pay for all hours worked over 40 in the same workweek.

27. As a direct and proximate result of the actions and omissions that are alleged in ¶26 above, the named plaintiff and the members of the collective action defined in ¶¶19-20 above who worked in excess of forty (40) hours per week in the same workweek did not receive wages at the rate and in the amount required by 29 U.S.C. § 207 or, in the alternative, in the amount required by N.C.Gen.Stat. § 95-25.4.

28. During all of those same workweeks described in ¶¶21-27, the named plaintiff had and have an express or implied agreement with the defendants that one or more of the defendants would compensate them at the rate, if any, required by federal or North Carolina law for any actual hours of work that the named plaintiff performed for one or more of the defendants.

29. None of the defendants have complied or shall comply with the express or implied agreement described in ¶28 above, and by failing to comply, have failed to pay the named plaintiff all of the wages that the named plaintiff were and are due when those wages were due in violation of G.S. § 95-25.6.

30. As a direct and proximate result of the actions and omissions that are alleged in ¶¶28-29 above, for those workweeks when the named

plaintiff worked in excess of forty (40) hours per week in the same workweek, the plaintiff did not receive all promised wages when due at the rate that was disclosed to him pursuant to N.C.Gen.Stat. §§ 95-25.13(1)-(2) in violation of N.C.Gen.Stat. § 95-25.6.

31. Long before 2013, the defendants were and continued to be experienced employers who were and continued to be familiar with the FLSA and the NCWHA, and the requirements of both of those statutes with respect to what they require and required with respect to payment of overtime wages, and what is and was considered to be part of an employee's regular wage rate. Upon information and belief, before 2014, the defendants were aware that their failure to pay wages at 1½ times the regular hourly wage rate of the plaintiff and his co-employees for all hours worked in excess of 40 hours in the same workweek was a violation of the overtime wage payment requirements of the FLSA and the NCWHA.

VIII. <u>FIRST CLAIM FOR RELIEF (NCWHA § 95-25.6)</u>

32. Paragraphs 1 through 31 above are realleged and incorporated herein by reference by the named plaintiff against all defendants.

33. The defendants did not pay and will not pay all wages due when those wages were and will be due to the named plaintiff for the work described in ¶¶8-18, and 21-22, and 28-30 above of this Complaint in violation of the agreement described in ¶¶28-29 above of this Complaint and N.C.Gen.Stat. §§ 95-25.13(1)-(2), and 95-25.6.

34. As a result of these actions of the defendants in violation of the rights of the named plaintiff, the named plaintiff has suffered damages in the form of unpaid wages and liquidated damages that may be recovered under N.C.Gen.Stat. §§95-25.22(a) and 95-25.22(a1).

IX. <u>SECOND CLAIM FOR RELIEF</u> (FLSA against all defendants)

35. Paragraphs 1 through 34 above are realleged and incorporated herein by reference by the named plaintiff and each member of the collective action described in ¶¶19-20 above of this complaint that the named plaintiff seeks to represent pursuant to 29 U.S.C. §216(b) against all defendants.

36. The defendants did not pay all wages due to the named plaintiff and the collective group of persons defined in ¶¶19-20 above of this complaint that the named plaintiff seeks to represent under 29 U.S.C. §216(b) at the rate required by 29 U.S.C. § 207(a) for the work described in ¶¶8-27, and 31 above of this Complaint.

37. As a result of these willful actions of the defendants in reckless disregard of the rights of the named plaintiff and each person who is a member of the collective group of persons defined in ¶¶19-20 above of this complaint under 29 U.S.C. § 207(a), the named plaintiff and each such collective action member have suffered damages in the form of unpaid wages and liquidated damages that may be recovered under 29 U.S.C. §216(b).

VIII. THIRD CLAIM FOR RELIEF (Alternative Claim - NCWHA § 95-25.4)

38. In the alternative to the Second Claim for Relief alleged in ¶¶35-37 above of the complaint, in the event that the plaintiff's employment by the defendants is not covered by the FLSA, ¶¶1 through 31 above are realleged and incorporated herein by reference by the named plaintiff against all defendants under the NCWHA.

39. The defendants did not pay and will not pay all wages due when those wages were and will be due to the named plaintiff for the work described in ¶¶8-27 above of this Complaint in violation of N.C.Gen.Stat. §§ 95-25.4 and 95-25.6.

40. The defendants did not pay all wages due when those wages

were due at the rate required by N.C.Gen.Stat. § 95-25.4 to the named plaintiff for the work described in ¶¶8-27 above of this Complaint in violation of N.C.Gen.Stat. §§ 95-25.4 and 95-25.6.

41. As a result of these actions of the defendants in violation of the rights of the named plaintiff under N.C.Gen.Stat. §§ 95-25.4 and 95-25.6, the named plaintiff has suffered damages in the form of unpaid wages and liquidated damages that may be recovered under N.C.Gen.Stat. §§95-25.22(a) and 95-25.22(a1).

XI. <u>CLAIM FOR DECLARATORY RELIEF</u>

42. Paragraphs 1 through 41 above are realleged and incorporated herein by reference by the named plaintiff.

43. The parties to this action are in dispute as to their respective rights, privileges and/or obligations under the Fair Labor Standards Act and the North Carolina Wage and Hour Act, and require declaratory relief as to what those respective rights, privileges, and/or obligations are.

WHEREFORE Plaintiff respectfully requests that the Court:

(a) Grant a jury trial on all issues so triable;

(b) Certify the named plaintiff as representative of the group of persons defined in ¶¶19-20 above of this Complaint in a collective action class action for back wages and liquidated damages under 29 U.S.C. §216(b) pursuant to 29 U.S.C. §216(b);

(c) Declare that the defendants have violated their obligations under: (i) the North Carolina Wage and Hour Act, N.C.Gen.Stat. §§95-25.13(1)-(2) and 95-25.6 and/or 95-25.4 to pay the plaintiff who was employed in the landscaping and lawn maintenance enterprise of the defendants all promised wages when due at the wage rate disclosed to the plaintiff or, in the alternative, at the wage rate required by

N.C.Gen.Stat. § 95-25.4 in the event that the plaintiff's employment by the defendants is not covered by the FLSA, for any workweek in which the plaintiff performed work in excess of forty (40) hours of work in the same workweek for one or both the defendants and was not paid the promised 1½ times premium his regular hourly rate of pay for all hours worked in excess of 40 in the same workweek, and (ii) the Fair Labor Standards Act, 29 U.S.C. § 207(a) to pay the plaintiff and other similarly situated employees of one or more of the defendants who were or will be employed in the landscaping and lawn maintenance enterprise of the defendants at the overtime wage rate required by 29 U.S.C. § 207 for any workweek in which the plaintiff and other similarly situated employees described in ¶¶19-20 above performed in excess of forty (40) hours of work for the defendants but did not receive the overtime wage premium for all hours worked in excess of 40 in the same workweek;

(d) Enter judgment under the NCWHA against Rick Wolf Landscape, LLC, Frederic Louis Wolf, and Virginia S. Wolf, jointly and severally, and in favor of the named plaintiff for compensatory damages against the defendants under the First Claim for Relief in an amount equal to the total of the unpaid wages due the named plaintiff under G.S. §§95-25.6 and 95-25.13(1)-(2) for any workweek in which the named plaintiff performed the type of work described in ¶¶8-18, 21-22, and 28-30 of the Complaint, plus an equal additional amount as liquidated damages under G.S.§§95-25.22(a) and 95-25.22(a1), plus interest in the manner and at the rate prescribed in N.C.Gen.Stat. §95-25.22(a);

(e) Enter judgment under the FSLA against Rick Wolf Landscape, LLC, Frederic Louis Wolf, and Virginia S. Wolf, jointly and severally, and in favor of the named plaintiff and all other similarly situated employees of those same defendants that are described in ¶¶19-20 above

of this Complaint for compensatory damages against the defendants under the Second Claim for Relief in an amount equal to the total of the unpaid wages due the named plaintiff and each member of the collective action that is defined in ¶¶19-20 above of this Complaint, jointly and severally, under 29 U.S.C. §§ 207(a) and 216(b) for any workweek in which the named plaintiff or any member of the collective action persons defined in ¶¶19-20 above of this Complaint performed the type of work described in ¶¶8-27 and 31 of the Complaint, plus an equal additional amount as liquidated damages under 29 U.S.C. §216(b), plus interest in the manner and at the rate allowed by law;

(f) in the alternative to the relief prayed for in ¶(e) above under the FLSA, enter judgment under the NCWHA against Rick Wolf Landscape, LLC, Frederic Louis Wolf, and Virginia S. Wolf, jointly and severally, and in favor of the named plaintiff for compensatory damages against the defendants under the Third Claim for Relief in an amount equal to the total of the unpaid wages due the named plaintiff under G.S. §§95-25.4 and 95-25.6 for any workweek in which the named plaintiff performed the type of work described in ¶¶8-27 of the Complaint, plus an equal additional amount as liquidated damages under G.S.§§95-25.22(a) and 95-25.22(a1), plus interest in the manner and at the rate prescribed in N.C.Gen.Stat. §95-25.22(a);

(g) Award the named plaintiff the costs of this action against the defendants Rick Wolf Landscape, LLC, Frederic Louis Wolf, and Virginia S. Wolf, jointly and severally;

(h) Award the named plaintiff reasonable attorney fees under and N.C.Gen.Stat. §95-25.22(d) and 29 U.S.C. §216(b) against the defendants, Rick Wolf Landscape, LLC, Frederic Louis Wolf, and Virginia S. Wolf, jointly and severally;

(i) Award prejudgment and post judgment interest against the defendants, Rick Wolf Landscape, LLC, Frederic Louis Wolf, and Virginia S. Wolf, jointly and severally, at the highest amount authorized by applicable law on any amount of monetary damages awarded for back wages as requested in paragraph (d) and (f) of this Prayer for Relief based upon such date(s) as may be appropriate under applicable law;

(j) Award such other relief as may be just and proper in this action.

This the 31st day of March, 2017.

LAW OFFICE OF ROBERT J. WILLIS, P.A.

BY:  /s/Robert J. Willis  
Robert J. Willis  
Attorney at Law  
NC Bar #10730  
(mailing address)  
P.O. Box 1269  
Raleigh, NC  27602  
Tel:(919)821-9031  
Fax:(919)821-1763  
5. W. Hargett Street  
Suite 404  
Raleigh, NC  27601  
Counsel for Plaintiff  
rwillis@rjwillis-law.com

**CONSENT TO SUE**

I, _Victoriano Angeles Gomez_, hereby consent to be a party under 29 U.S.C. §216(b) to this lawsuit to assert my right to the lawful wage required by the Fair Labor Standards Act.

_Victoriano Angeles Gomez_
SIGNATURE

_3/24/17_
DATE